

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2009

# Munoz v. Sovereign Bank

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2690

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Munoz v. Sovereign Bank" (2009). *2009 Decisions*. Paper 1494.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1494

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2690
_____

LUIS E. MUNOZ;
DEBORAH MUNOZ;
LUIS E. MUNOZ;
DEBORAH N. MUNOZ,
As Debtors In Bankruptcy,

Appellants

v.

SOVEREIGN BANK


On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(No. 06-cv-02876)
District Judge: Honorable Harvey Bartle

Submitted Under Third Circuit LAR 34.1(a)
June 5, 2008

Before: AMBRO, CHAGARES, and COWEN Circuit Judges

(Filed April 23, 2009)


OPINION OF THE COURT


CHAGARES, Circuit Judge.

I.

Luis E. Munoz and Deborah N. Munoz (the Munozes) filed a complaint against

Sovereign Bank (Sovereign) in the District Court alleging that they were entitled to a declaratory judgment that Sovereign violated the Pennsylvania Deficiency Judgment Act, 42 Pa. Cons. Stat. Ann. § 8103, and that they were entitled to monetary damages based on derivative claims for breach of contract, conversion and fraud. Sovereign moved for summary judgment, arguing that the Munozes's claims were barred by claim preclusion, or res judicata. The District Court granted summary judgment in favor of Sovereign, and the Munozes appealed. We will affirm.

## II.

Because we write only for the parties, we will only address the facts and procedural history of this case that are relevant to our analysis. In 2001, the Munozes borrowed about $1 million from Sovereign in order to purchase a commercial property and going business at 4401 Castor Avenue in Philadelphia. The loans were in part secured by mortgages on both their home in Moorestown, New Jersey, as well as the Castor Avenue property. In 2003, the Munozes defaulted on the note, and Sovereign notified the Munozes of the default and accelerated the balance due. Sovereign instituted a foreclosure action against the Castor Avenue property, and on April 7, 2004, obtained a default judgment against the Munozes in the amount of $1,116,334.84.

On May 28, 2004, the Munozes's counsel filed a bankruptcy petition on their behalf and the Bankruptcy Court stayed judicial actions against them pursuant to 11 U.S.C. § 362(a). Sovereign was eventually relieved from the automatic stay so that it

2

could pursue the foreclosure actions. In August, 2005, Sovereign purchased the Castor Avenue property at a sheriff's sale for about $31,000. Sovereign also reactivated its foreclosure action against the Munozes's Moorestown property, and received a default judgment on August 19, 2005. Sovereign then ceased its actions against that property.

In December, 2005, the court-appointed bankruptcy trustee filed a Notice of Proposed Private Sale with the Bankruptcy Court to sell the Munozes's home to help to satisfy the deficiency that remained against them after the sale of the Castor Avenue property. The proposed sale price was $880,000. The Notice stated the following in terms of the proceeds of the sale:

> From the proceeds of the sale, Trustee proposes to pay normal closing costs and adjustments, estimated to be no more than $4,000.00; real estate taxes to the Township of Moorestown; first mortgage held by Chase Manhattan Bank of approximately $156,000.00. The Trustee has negotiated a settlement with Sovereign Bank, which holds a second mortgage on the property in an amount that exceeds the purchase price, to allow a 10% carve-out to the bankruptcy estate, out of which a 5% real estate commission will be paid to Edgar Real Estate. All remaining proceeds are to be paid to Sovereign Bank.

Appendix 910a. The Munozes's only objection was to the date that they needed to leave the house, and this objection was resolved with the trustee. On January 26, 2006, the Bankruptcy Court entered a Consent Order approving the sale of the Moorestown property, and the property was sold on January 31, 2006. Sovereign received in excess of $631,000 from the sale in order to help satisfy its default judgment against the Munozes.

On June 30, 2006, the Munozes sued Sovereign in the United States District Court for the Eastern District of Pennsylvania, alleging that Sovereign had failed to comply with

3

the requirements of the Pennsylvania Deficiency Judgment Act, 42 Pa. Cons. Stat. Ann. § 8103(a). Sovereign moved to dismiss the case, arguing that certain documents showed that the Munozes had waived their rights under the Deficiency Judgment Act, but the District Court held that the Act prohibited such a waiver of rights, and denied the motion to dismiss. See App. 9a. See also 42 Pa. Cons. Stat Ann. § 8103(e) (stating that any agreement to waive rights under this Act is void).

Sovereign subsequently moved for summary judgment, and argued that the suit should be barred by the doctrine of res judicata, or claim preclusion, because the Munozes should have litigated the suit in the Bankruptcy Court for the District of New Jersey. The Munozes contended that the District Court's prior decision, which had rejected Sovereign's motion to dismiss for failure to state a claim, meant that there could be no issue of claim preclusion, because they could not waive the protections of the Pennsylvania statute. The District Court agreed with Sovereign and held that the waiver issue was a separate issue from the res judicata issue, and that the Munozes were precluded by res judicata from pursuing their claim under the Pennsylvania Deficiency Judgment Act when they could have brought it before the Bankruptcy Court. The Munozes now appeal the District Court's grant of summary judgment in favor of Sovereign.

### III.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. This Court has jurisdiction under 28 U.S.C. § 1291. This Court reviews the grant of summary judgment

4

de novo.  <u>Ideal Dairy Farms v. John Labatt, Ltd.</u>, 90 F.3d 737, 743 (3d Cir. 1996).

"Summary judgment should be granted only if a court concludes that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" <u>Id.</u> (citing Fed. R. Civ. P. 56(c)). When analyzing a summary judgment claim, we must "'view the underlying facts <u>and all reasonable inferences</u> therefrom in the light most favorable to the party opposing the motion.'" <u>Id.</u> (citation omitted) (emphasis in original).

IV.

The issue on appeal is whether the Munozes's claim under the Pennsylvania Deficiency Judgment Act is barred by the doctrine of res judicata.[1]  Initially, this Court notes that although both the District Court and the parties assume that federal law of res judicata applies, we must actually apply Pennsylvania state law of res judicata here. Following the Supreme Court's decision in <u>Semtek Intern. Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497 (2001), this Court held that "[i]n a diversity action we apply the preclusion rules of the forum state, unless they are incompatible with federal interests." <u>Houbigant, Inc. v. Fed. Ins. Co.</u>, 374 F.3d 192, 205 (3d Cir. 2004).  <u>See also</u> <u>Taylor v. Sturgell</u>, 128

---

[1]The Munozes argue that the District Court erred when it granted summary judgment to Sovereign on the res judicata issue because, under 42 Pa. Cons. Stat. Ann. § 8103(e), any agreement to waive the protections of the statute is void, and therefore, even though they did not object to the Consent order using the statute as their grounds, they cannot now be deemed to have waived its protections.  However, § 8103(e) speaks in terms of an agreement to waive the provision, which is not applicable here, where there was no waiver agreement.

S.Ct. 2161, 2171 n.4 (2008) ("For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits.") (citation omitted); Semtek Intern., 531 U.S. at 508 (holding state claim preclusion law should apply in a diversity case). As this is a diversity case, and Pennsylvania is the forum state, Pennsylvania, not federal, preclusion law should apply.

"Pursuant to the doctrine of res judicata, a final judgment on the merits by a court of competent jurisdiction will bar any future suit between the parties or their privies in connection with the same cause of action." Yamulla Trucking & Excavating Co., Inc. v. Justofin, 771 A.2d 782, 784 (Pa. Super. Ct. 2001). A consent decree is a final judgment on the merits, unless there is an "express reservation of rights," which is not present here. Cf. United States v. Athlone Indus., Inc., 746 F.2d 977, 983 n.5 (3d Cir. 1984).

Pennsylvania law provides that, in order for the doctrine of res judicata to bar a subsequent action, that action and the relevant prior action must share four conditions: "(1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued." Unified Sportsmen of Pa. v. Pa. Game Comm'n (PGC), 950 A.2d 1120, 1128 (Pa. Commw. Ct. 2008) (citation omitted). We conclude that res judicata bars the Munozes's lawsuit for substantially the same reasons as set forth in the District Court's opinion.

Applying the requirements of Pennsylvania law, we believe that the "thing sued upon" here is the same in the first action and in the second action -- the sale of the home.

6

The requirement of the "identity of parties to the action" is also satisfied because Sovereign was a creditor of the Munozes. See Am. Sur. Co. of New York v. Dickson, 28 A.2d 316, 334 (Pa. 1942) ("[T]he rule requiring [identity of parties] is subject to the qualification that. . . those in privity with parties to the record, including attaching creditors, are also bound.") (citations omitted). In addition, the parties appear in their same capacities. Cf. Restatement (Second) of Judgments § 36(2) ("A party appearing in an action in one capacity. . . is not thereby bound or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity.").

Finally, we find that there is sufficient identity in the cause of action to satisfy that requirement for res judicata.[2] "Generally, causes of action are identical when the subject matter and ultimate issues are the same in both the old and new proceedings." Unified Sportsmen of Pa., 950 A.2d at 1128. See also Chada v. Chada, 756 A.2d 39, 43-44 (Pa. Super. Ct. 2000) ("The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights. When the cause of action in the first and second actions are distinct, or, even though related, are not so closely related that matters essential to

---

[2]A claim can be barred by res judicata even if the party did not raise the claim in the prior proceeding, so long as the claim should have been raised. Merkel v. W.C.A.B. (Hofmann Indus.), 918 A.2d 190, 193 (Pa. Commw. Ct. 2007). See also Jost v. Phoenixville Area School Dist., 547 A.2d 830, 833 (Pa. Commw. Ct. 1988) ("A judgment is res judicata not only as to damages actually claimed but also as to those which could have been sought.") (citation omitted). Accordingly, the fact that the Munozes failed to raise the Deficiency Judgment Act before the Bankruptcy Court is immaterial to our analysis.

recovery in the second action have been determined in the first action, the doctrine of res judicata does not apply.") (citations and emphasis omitted). Here, the subject matter -- satisfying the deficiency judgment -- is the same in both this action and in the prior action. In addition, the ultimate issue -- using the sale of the Moorestown property to satisfy the deficiency -- is also the same. Cf. Weney v. W.C.A.B. (Mac Sprinkler Sys., Inc.), 960 A.2d 949, 955-56 (Pa. Commw. Ct. 2008) (finding that res judicata barred the plaintiff's claim, and that "the subject matter of both. . . proceedings was the nature and extent of the injuries that [the plaintiff] suffered as a result of the. . . work incident, and the ultimate issue in both proceedings was whether" the "nature and extent" of his injuries were "accurately reflected" in a case where plaintiff knew of his neck pain at the time of the first proceeding, and did not make a claim about it then, but then tried to raise his neck injury as an issue in a second proceeding); Phila. Fraternal Order of Corr. Officers v. Rendell, 701 A.2d 600, 607-08 (Pa. Commw. Ct. 1997) (finding that res judicata applied when the parties and the underlying facts were the same and one party was merely trying to replace a federal constitutional claim with a state one). Therefore, all of the requirements for res judicata under Pennsylvania law have been satisfied.[3]

V.

Based on the foregoing, we will affirm the District Court's grant of summary judgment in favor of Sovereign.

---

[3]The Munozes's derivative claims for breach of contract, conversion and fraud are also precluded for the reasons set forth above.