# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***People v. Patterson*, 2013 IL App (2d) 120359**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. COWARNA L. PATTERSON, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0359 |
| Filed | September 26, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The second-stage dismissal of defendant's postconviction petition was upheld over her contentions that the public defender who represented her at trial had a conflict of interest based on his acceptance of a position as an assistant State's Attorney and that the public defender who assumed the representation of defendant might have been beholden to his predecessor and failed to zealously represent defendant, since defendant failed to allege any specific facts showing an actual conflict of interest on the part of either public defender and the record suggested an agreement that defendant had waived any possible conflict. |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 02-CF-2328; the Hon. Steven G. Vecchio, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Peter A. Carusona and Mark D. Fisher, both of State Appellate Defender's Office, of Ottawa, for appellant.

Joseph P. Bruscato, State's Attorney, of Rockford (Lawrence M. Bauer and Jay Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HUDSON delivered the judgment of the court, with opinion. Justices Schostok and Birkett concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Cowarna L. Patterson, appeals the second-stage dismissal of her postconviction petition. She contends that a third-stage evidentiary hearing is necessary to resolve issues surrounding her trial attorney's conflict of interest. We affirm.

¶ 2    Defendant was charged with first-degree murder (720 ILCS 5/9-1(a)(2) (West 2002)) for the stabbing death of Tyrone Carthell. She was represented at trial by assistant public defender Michael Combs. The jury found defendant guilty. At a status hearing prior to sentencing, assistant public defender Edward Light told the court that Combs had recently become an assistant State's Attorney. Light said that he intended to discuss the case with Combs before sentencing. At the sentencing hearing, Light confirmed that he had reviewed some matters with Combs. One of the trial prosecutors, Wendy Larson, mentioned that she was currently Combs' supervisor.

¶ 3    The trial court sentenced defendant to the minimum of 20 years' imprisonment and denied her posttrial motion. On direct appeal, this court affirmed. *People v. Patterson*, No. 2-03-0916 (2005) (unpublished order under Supreme Court Rule 23) (*Patterson I*).

¶ 4    Defendant filed a *pro se* postconviction petition, alleging that Combs labored under a conflict of interest during the trial because he had accepted a position with the State's Attorney's office. The trial court summarily dismissed the petition, but this court reversed and remanded for second-stage postconviction proceedings. *People v. Patterson*, No. 2-06-0668 (2008) (unpublished order under Supreme Court Rule 23) (*Patterson II*). We held that, while Combs' acceptance of a position with the State's Attorney's office did not create a *per se* conflict, defendant might be able to show an actual conflict. *Id.* at 5.

¶ 5    Following remand, the trial court appointed counsel, who filed an amended petition. The State moved to dismiss it, and the trial court granted the motion. Defendant timely appeals.

¶ 6    Defendant contends that the cause should be remanded for a third-stage postconviction hearing on the following issues: (1) when Combs applied to and/or knew he would be joining

the State's Attorney's office; (2) whether, if he applied and/or knew prior to trial, he failed to present evidence or otherwise zealously advocate on defendant's behalf; and (3) whether Light was so beholden to Combs for advice at sentencing that he failed to investigate or consider including in his posttrial motion a possible claim of Combs' ineffective assistance. Defendant asserts that it is impossible to discern whether Combs had a *per se* or an actual conflict of interest, and whether Light was able to adequately represent her at posttrial proceedings, without deciding these factual issues.

¶ 7      In response, the State argues the following. The record shows that the parties and the trial court knew well before trial of Combs' intent to join the State's Attorney's office and that defendant waived any potential conflict. In any event, *Patterson II* represents the law of the case that there was not a *per se* conflict of interest and that decision is consistent with precedent that only a prior or contemporaneous association with the prosecution creates a *per se* conflict. While *Patterson II* held open the possibility that defendant could establish an actual conflict of interest, to do so she needed to demonstrate some specific shortcoming in Combs' representation attributable to the conflict. However, she failed to even allege, much less provide evidentiary support for, any such shortcoming. Further, Light could not have been ineffective at the sentencing hearing, because defendant received the minimum sentence. Finally, as defendant did not allege any specific facts showing an actual conflict of interest by Combs, Light could not have been ineffective for failing to include the issue in the posttrial motion. We agree with the State.

¶ 8      Under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq.* (West 2006)), a convicted defendant may collaterally attack her conviction and sentence based on violations of her constitutional rights. *People v. Erickson*, 183 Ill. 2d 213, 222 (1998). Proceedings under the Act are divided into three stages. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). During the first stage, the trial court independently examines the petition within 90 days after filing. 725 ILCS 5/122-2.1(a) (West 2006). If the petition is frivolous or patently without merit, it will be summarily dismissed. 725 ILCS 5/122-2.1(a)(2) (West 2006).

¶ 9      If the petition advances to the second stage, counsel may be appointed for the defendant. 725 ILCS 5/122-4 (West 2006). Counsel may then file an amended petition, which the State may answer or move to dismiss. 725 ILCS 5/122-5 (West 2006). To survive dismissal at the second stage, a petition must, when liberally construed in light of the record, " 'make a substantial showing of a constitutional violation.' " *People v. Buchanan*, 403 Ill. App. 3d 600, 602 (2010) (quoting *People v. Hall*, 217 Ill. 2d 324, 334 (2005)). A postconviction petitioner is not entitled to an evidentiary hearing as a matter of right. *Id.* The petition's allegations must be supported by the record or by accompanying affidavits. *Id.* Nonspecific and nonfactual assertions that amount to mere conclusions are insufficient to require a hearing. *People v. Coleman*, 183 Ill. 2d 366, 381 (1998).

¶ 10     Defendant's petition alleged that trial counsel labored under a conflict of interest. A defendant's sixth amendment right to the effective assistance of counsel includes the right to conflict-free representation. *People v. Morales*, 209 Ill. 2d 340, 345 (2004). In deciding whether a defendant received ineffective assistance of counsel based on an alleged conflict of interest, we first resolve whether counsel labored under a *per se* conflict. A *per se* conflict

-3-

is one where " ' "facts about a defense attorney's status *** engender, *by themselves*, a disabling conflict." ' (Emphasis in original.)" *People v. Hernandez*, 231 Ill. 2d 134, 142 (2008) (quoting *Morales*, 209 Ill. 2d at 346, quoting *People v. Spreitzer*, 123 Ill. 2d 1, 14 (1988)). When a defendant's attorney has a tie to a person or entity that would benefit from a verdict unfavorable to the defendant, a *per se* conflict arises. *People v. Janes*, 168 Ill. 2d 382, 387 (1995). " '[I]f counsel, unknown to the accused and without his knowledgeable assent, is in a duplicitous position where his full talents–as a vigorous advocate having the single aim of acquittal by all means fair and honorable–are hobbled or fettered or restrained by commitments to others,' " effective assistance of counsel is lacking. *People v. Stoval*, 40 Ill. 2d 109, 111-12 (1968) (quoting *Porter v. United States*, 298 F.2d 461, 463 (5th Cir. 1962)).

¶ 11   The *Spreitzer* court explained the justification underlying the *per se* rule, noting that counsel's knowledge that a result favorable to his other client or association would inevitably conflict with a defendant's interest "might 'subliminally' affect counsel's performance in ways [that are] difficult to detect and demonstrate." *Spreitzer*, 123 Ill. 2d at 16. The court further noted the possibility that counsel's conflict would subject him or her to " 'later charges that his representation was not completely faithful.' [Citations.]" *Id.* at 17.

¶ 12   If a *per se* conflict exists, a defendant is not required to show that counsel's " 'actual performance was in any way affected by the existence of the conflict.' " *Morales*, 209 Ill. 2d at 345 (quoting *Spreitzer*, 123 Ill. 2d at 15). In other words, a defendant is not required to show actual prejudice when a *per se* conflict exists. *Stoval*, 40 Ill. 2d at 113. Unless a defendant waives his right to conflict-free counsel, a *per se* conflict is grounds for automatic reversal. *Morales*, 209 Ill. 2d at 345.

¶ 13   The supreme court has identified three situations where a *per se* conflict exists: (1) when defense counsel has a prior or contemporaneous association with the victim, the prosecution, or an entity assisting the prosecution; (2) when defense counsel contemporaneously represents a prosecution witness; and (3) when defense counsel is a former prosecutor who was personally involved in the prosecution of the defendant. *Hernandez*, 231 Ill. 2d at 143-44.

¶ 14   If a *per se* conflict does not exist, a defendant can still establish a violation of his right to effective assistance of counsel by showing an actual conflict that adversely affected his counsel's performance. *Morales*, 209 Ill. 2d at 348-49. To do so, a defendant must point to " 'some specific defect in his counsel's strategy, tactics, or decision making attributable to [a] conflict.' " *Id.* at 349 (quoting *Spreitzer*, 123 Ill. 2d at 18). In this situation, mere "[s]peculative allegations and conclusory statements are not sufficient to establish that an actual conflict of interest affected counsel's performance." *Id.* (citing *People v. Williams*, 139 Ill. 2d 1, 12 (1990)).

¶ 15   In *Patterson II*, we held that defendant's allegations that Combs had agreed to move to the State's Attorney's office some time in the future did not create a *per se* conflict. *Patterson II*, slip order at 4-5. The law-of-the-case doctrine prevents relitigation of an issue already decided in the same case. *People v. Tenner*, 206 Ill. 2d 381, 395 (2002); *People v. Patterson*, 154 Ill. 2d 414, 468 (1992). We agree with the State that *Patterson II* is the law

of the case on this point.

¶ 16    Defendant does not cite any new facts or changes in the law to suggest that *Patterson II* was wrongly decided. Defendant suggests only that *People v. Wilson*, 348 Ill. App. 3d 360 (2004), which we cited in *Patterson II*, is factually distinguishable because the attorney there represented the defendant only in postconviction proceedings. However, a departure from *Patterson II* is not justified merely because one of the cases we cited has different facts. Indeed, our disposition was consistent with precedent that only a prior or contemporaneous association with the prosecution creates a *per se* conflict. See *Hernandez*, 231 Ill. 2d at 143-44.

¶ 17    Thus, there is no need for a hearing on defendant's first proposed issue. Assuming that Combs knew before trial that he would be joining the State's Attorney's office, this knowledge would not create a *per se* conflict. Indeed, the State points out that the record shows that both parties knew beforehand that Combs would be joining the prosecutor's office. At a hearing on March 26, 2003, the court assigned the case to Judge Robert Coplan for trial. The court set a status hearing for Judge Coplan to, *inter alia*, "address the issue of waiver of any potential conflict on the part of [Combs] continuing to represent" defendant. Judge Coplan entered an order showing that the hearing took place, although the order did not specifically mention that defendant waived any potential conflict. Moreover, although the record contains no transcript of that hearing, the clear inference is that the parties and the court were aware that Combs had taken a position with the State's Attorney's office. Prior to sentencing, Light and the prosecutor agreed that defendant had waived the possible conflict.

¶ 18    Defendant's second proposed issue for a hearing is "whether, if [Combs] applied to and/or knew prior to trial that he would be joining the prosecutor's office, he failed to present evidence or otherwise zealously advocate on defendant's behalf," in other words, whether Combs had an actual conflict of interest. Although *Patterson II* foreclosed the issue of a *per se* conflict, we held that defendant was not foreclosed "from attempting to prove an actual conflict of interest during the trial." *Patterson II*, slip order at 5. However, in seeking a remand for a hearing on that issue, defendant places the cart before the horse.

¶ 19    To show an actual conflict of interest, a defendant must point to some specific defect in counsel's strategy or decisionmaking attributable to such a conflict. *Morales*, 209 Ill. 2d at 349. Moreover, to survive dismissal at the second stage, a postconviction petition must allege specific facts that make a substantial showing of a constitutional violation. *Buchanan*, 403 Ill. App. 3d at 602. The allegations must be supported by the record or accompanying affidavits. *Id.* Vague assertions that amount to nothing more than conclusions are insufficient. *Coleman*, 183 Ill. 2d at 381.

¶ 20    Here, leaving aside any waiver of the alleged conflict, the amended petition alleged only generally that defendant was denied the effective assistance of counsel because Combs decided before trial to accept a position with the State's Attorney's office. Defendant alleged no specific defects in Combs' performance and, needless to say, did not provide affidavits or citations to the record showing specific instances of defective performance. A third-stage postconviction hearing is intended to resolve factual issues arising from the petition and the

State's response. It is not intended as a discovery tool to allow a defendant to marshal facts that should have been included in an original or amended petition.

¶ 21 Defendant's final proposed issue is whether Light, who represented defendant at posttrial and sentencing proceedings, "felt so beholden to Mr. Combs for advice at sentencing that he failed to investigate or consider including in his post-trial motion a possible claim of Combs' ineffective assistance or conflict of interest." Initially, we note that this precise issue was not included in the amended petition. The petition alleged that Light was ineffective in that he "relied upon information and advice of Attorney Combs at the sentencing stage herein." As the State points out, Light cannot be deemed ineffective at the sentencing stage, as defendant received the minimum sentence. On appeal, defendant rephrases the issue as whether Light was so beholden to Combs for advice at sentencing that he neglected to allege Combs' ineffectiveness in the posttrial motion.

¶ 22 It is undisputed that Light's association with Combs created no *per se* conflict. To establish an actual conflict, defendant had to allege some specific defect by Light in preparing and arguing the posttrial motion. As defendant has identified no specific defect that could support a finding of an actual conflict, or of ineffective assistance generally,[1] as to Combs, Light could not have been ineffective for failing to include such an issue in the posttrial motion.

¶ 23 As the amended petition did not contain specific allegations showing that either Combs or Light was ineffective, the trial court did not err by dismissing it. An evidentiary hearing would not resolve any factual issues, but would merely give defendant another opportunity to develop a factual basis for her claims, which should have been included in the amended petition.

¶ 24 Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

¶ 25 Affirmed.

---

[1]The petition alleged that Combs was ineffective for failing to challenge for cause a juror who indicated that he could not devote his full attention to the case because of work responsibilities, but defendant does not develop this issue on appeal.