# Illinois Official Reports

## Appellate Court

***Pace Communications Services Corp. v. Express Products, Inc.*,**
**2014 IL App (2d) 131058**

| | |
|---|---|
| Appellate Court Caption | PACE COMMUNICATIONS SERVICES CORPORATION and TUNICA PHARMACY, INC., Individually and as the Representatives of a Class of Similarly Situated Persons, Plaintiffs and Citation Petitioners-Appellants, v. EXPRESS PRODUCTS, INC., Defendant (Cumberland Mutual Fire Insurance Company, Citation Respondent-Appellee). |
| District & No. | Second District<br>Docket No. 2-13-1058 |
| Filed | September 10, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In citation proceedings against defendant's insurer seeking to recover the settlement of an underlying action against defendant for violations of the Telephone Consumer Protection Act based on defendant's faxing of unsolicited advertisements where the parties agreed that plaintiffs would pursue the judgment from defendant's insurer, not defendant, the trial court properly denied plaintiffs' motion for summary judgment and dismissed the citation pursuant to the motion filed by defendant's insurer, since defendant's insurer had obtained summary judgment in a Pennsylvania federal district court based on a holding that, under Pennsylvania law, defendant's insurer had no duty to defend or indemnify defendant under the relevant insurance policies, the insurer's federal action was initiated prior to the settlement of plaintiffs' action, and the insurer was not estopped from raising any policy defense. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 04-L-1043; the Hon. Diane E. Winter, Judge, presiding. |

| Judgment | Affirmed. |
| --- | --- |
| Counsel on Appeal | Brian J. Wanca and David M. Oppenheim, both of Anderson & Wanca, of Rolling Meadows, and Phillip A. Bock, of Bock & Hatch, LLC, of Chicago, for appellants. |
| | James P. Moran and Stephen A. Rehfeldt, both of Mulherin, Rehfeldt & Varchetto, P.C., of Wheaton, and Michael A. Hamilton, Louis H. Kozloff, and Mark H. Rosenberg, all of Nelson Levine de Luca & Hamilton LLC, of Blue Bell, Pennsylvania, for appellee. |
| Panel | JUSTICE SPENCE delivered the judgment of the court, with opinion. Justices McLaren and Jorgensen concurred in the judgment and opinion. |

## OPINION

¶ 1    Pace Communications Services Corporation and Tunica Pharmacy, Inc., represented a class of similarly situated persons (collectively, plaintiffs) in a class action (the class action) against Express Products, Inc. (Express), for, among other allegations, violations of the Telephone Consumer Protection Act of 1991 (TCPA) (47 U.S.C. § 227 (2000)). Cumberland Mutual Fire Insurance Company (Cumberland) was one of Express's insurers. While plaintiffs were litigating the class action in the circuit court of Lake County, Cumberland sought in the United States District Court for the Eastern District of Pennsylvania a declaration that it had no duty to defend or indemnify Express (the federal action). Plaintiffs and Express settled the class action in 2009 for about $8 million, with plaintiffs agreeing to pursue the judgment not from Express but only from Express's insurers. Accordingly, plaintiffs filed under section 2-1402 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1402 (West 2010)) a citation to discover Cumberland's assets (the citation proceeding) in an effort to recover the judgment.

¶ 2    In September 2011, while the citation proceeding was still pending, the district court found that Cumberland did not have a duty to defend or indemnify Express. Plaintiffs moved for summary judgment in the citation proceeding, and Cumberland moved to dismiss based on the declaratory judgment. The circuit court denied plaintiffs' motion for summary judgment and granted Cumberland's motion to dismiss, finding that the declaratory judgment precluded relitigating whether Cumberland had a duty to indemnify Express. Plaintiffs appeal from the dismissal of the citation proceeding, and for the reasons set forth herein, we affirm.

## I. BACKGROUND

Plaintiffs filed the class action in December 2004, alleging that Express violated provisions of the TCPA by faxing unsolicited advertisements to persons and companies in Illinois and other states without the recipients' consent. Cumberland had issued Express sequential annual liability policies covering the period during which the alleged violations occurred.

Express notified Cumberland of the class action via a February 22, 2006, letter. On April 11, 2006, Cumberland responded that it was declining coverage, asserting that the faxes that plaintiffs allegedly received were not sent during the policy periods. On April 20, 2007, Cumberland revisited its decision to decline coverage and agreed to participate in Express's defense, under a reservation of rights.

On June 20, 2008, Cumberland filed the federal action. On June 24, 2009, Express moved for judgment on the pleadings, because Cumberland had not joined plaintiffs as necessary parties to the federal action, and the district court denied the motion.

Meanwhile, in May 2009, Express agreed with plaintiffs to settle the class action for just under $8 million.[1] After Express filed a "Motion for Preliminary Approval of the Class Action Settlement Agreement and Notice to the Class" on June 15, 2009, Cumberland sent Express a letter stating that under the insurance policies, Express could not, except at its own cost, assume any obligation or incur any expense (other than for first aid) without Cumberland's consent. On October 13, 2009, following a fairness hearing, the circuit court entered its "Final Approval of Settlement Agreement and Judgment" against Express. The settlement agreement stipulated that plaintiffs would seek recovery against only Express's two insurers, Cumberland and Maryland Casualty Company. It further stipulated that plaintiffs' counsel would undertake, at no cost to Express, the defense of Express in its coverage lawsuits, which included the federal action. Consequently, plaintiffs' counsel joined Express's defense in the federal action and argued its eventual appeal.

In October 2009, following the entry of the judgment against Express, plaintiffs filed the citation proceeding. Cumberland filed a motion to dismiss the citation proceeding for lack of personal jurisdiction in Illinois and, in the alternative, to dismiss or stay the action due to the pending federal action. The circuit court denied Cumberland's motion, and Cumberland appealed to this court, challenging only the determination of personal jurisdiction. We affirmed the circuit court's finding of personal jurisdiction. *Pace Communications Services Corp. v. Express Products, Inc.*, 408 Ill. App. 3d 970, 980 (2011).

Meanwhile, in the federal action, on January 8, 2010, Express filed a second motion for judgment on the pleadings, arguing, among other things, that it had no further interest in the federal action and no incentive to litigate, because it had settled the class action with plaintiffs. The district court ordered that the motion be treated as one for summary judgment and it directed Cumberland to file its own motion for summary judgment with respect to the coverage dispute. In September 2011, the district court denied Express's summary judgment

---

[1]The precise judgment Express agreed to was for $7,999,996. In approving the settlement, the trial court found that Express faxed 41,064 advertisements (out of 125,191 advertisements faxed to the entire class) during the 2002 and 2003 coverage periods. The TCPA allows for liquidated damages of $500 per violation. 47 U.S.C. § 227(b)(3)(B) (2000).

motion and granted Cumberland's, holding that, under Pennsylvania law, Cumberland did not have a duty to defend or indemnify Express under the relevant insurance policies. *Maryland Casualty Co. v. Express Products, Inc.*, Nos. 09-857, 08-2909, 2011 WL 4402275 (E.D. Pa. Sept. 22, 2011). The United States Court of Appeals for the Third Circuit dismissed Express's appeal as untimely. *Cumberland Mutual Fire Insurance Co. v. Express Products, Inc.*, 529 F. App'x 245, 252-53 (3d Cir. 2013).

¶ 10 On remand in the citation proceeding, plaintiffs moved for summary judgment, arguing that Cumberland had a duty to indemnify Express in the class action and therefore was required to pay the judgment. The circuit court denied plaintiffs' motion because it found that plaintiffs were bound by the declaratory judgment in the federal action. For the same reason, on September 24, 2013, the circuit court granted Cumberland's motion to dismiss the citation proceeding.

¶ 11 Plaintiffs timely appealed.

## II. ANALYSIS

¶ 13 Although plaintiffs argue multiple issues on appeal, if relitigation of Cumberland's duty to indemnify Express is barred by collateral estoppel, we need not reach plaintiffs' arguments as to whether Cumberland had a duty to indemnify Express or whether the settlement agreement between plaintiffs and Express was reasonable. Accordingly, we begin by addressing whether the declaratory judgment in the federal action bars relitigation of Cumberland's duty to indemnify Express and thus defeats the citation proceeding.

## A. Standard of Review

¶ 15 We first note that it was not the claim to discover Cumberland's assets that the circuit court found barred but, rather, the issue of Cumberland's duty to indemnify Express. Regardless, the application of both "true *res judicata*" (claim preclusion) and collateral estoppel (issue preclusion) are legal questions, which we review *de novo*. *Lieberman v. Liberty Healthcare Corp.*, 408 Ill. App. 3d 1102, 1108 (2011); see *Hayes v. State Teacher Certification Board*, 359 Ill. App. 3d 1153, 1161 (2005) (*res judicata* separated into two distinct doctrines). The issue of Cumberland's duty to indemnify Express was dispositive in the circuit court's grant of Cumberland's motion to dismiss and denial of plaintiffs' motion for summary judgment. We review *de novo* a ruling on a motion to dismiss generally or a motion for summary judgment. *Simmons v. Homatas*, 236 Ill. 2d 459, 477 (2010) ("A grant or denial of a motion to dismiss is a question of law that we review *de novo*."); *American States Insurance Co. v. CFM Construction Co.*, 398 Ill. App. 3d 994, 998 (2010) ("The appellate court applies a *de novo* standard of review to the trial court's grant or denial of a summary judgment motion."); see *Eclipse Manufacturing Co. v. United States Compliance Co.*, 381 Ill. App. 3d 127, 134 (2007) (turnover order arising from section 2-1402 proceeding was subject to *de novo* review). Moreover, we review a choice-of-law issue *de novo*. *G.M. Sign, Inc. v. Pennswood Partners, Inc.*, 2014 IL App (2d) 121276, ¶ 25.

## B. Collateral Estoppel

¶ 17 Plaintiffs submit three reasons why the federal declaratory judgment does not have preclusive effect in the citation proceeding: (1) the declaratory judgment is void under

Pennsylvania law; (2) the law-of-the-case doctrine establishes that the declaratory judgment does not bind plaintiffs; and (3) the declaratory judgment does not meet the requirements for collateral estoppel to apply. We address each argument in turn.

¶ 18                              1. Whether the Declaratory Judgment is Void

¶ 19    Plaintiffs argue that the declaratory judgment is void because, under Pennsylvania law, underlying tort plaintiffs have a substantial independent interest in insurance coverage and are therefore necessary parties to coverage actions, such as the federal action. See *Vale Chemical Co. v. Hartford Accident & Indemnity Co.*, 516 A.2d 684, 687-88 (Pa. 1986) (underlying tort plaintiffs were necessary parties to state declaratory judgment action between insurers and the underlying defendant-insured); *Richards v. Trimbur*, 543 A.2d 116, 119 (Pa. Super. Ct. 1988) (where personal injury plaintiff is not joined to a state declaratory judgment action between insurer and insured over coverage, the court lacks jurisdiction to enter a declaratory judgment). Plaintiffs contend that the declaratory judgment here had no preclusive effect because it was entered by a court lacking subject matter jurisdiction, *i.e.*, the judgment is void under Pennsylvania law.

¶ 20    The Erie doctrine provides that a federal court sitting in diversity (28 U.S.C. § 1332 (2006)) is to apply state substantive law and federal procedural law. *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Plaintiffs' argument implicitly assumes that, as in *Vale*, section 7540 of the Pennsylvania Judicial Code (PA Code) (42 Pa. Cons. Stat. Ann. § 7540 (West 2010)) was applicable substantive law such that their joinder in the federal action was a jurisdictional necessity. However, *Vale* does not speak to declaratory judgment actions brought in federal court pursuant to section 2201 of Title 28 (28 U.S.C. § 2201 (2006)), but rather applies only to actions brought in state court pursuant to section 7540 of the PA Code. See *Liberty Mutual Insurance Co. v. Treesdale, Inc.*, 419 F.3d 216, 229 (3d Cir. 2005) (holding that *Vale* addressed procedural and jurisdictional issues, not substantive principles of law, and that thus *Erie* did not require the district court to apply Pennsylvania law to underlying plaintiffs' petition to intervene in insurance coverage dispute). Therefore, while section 7540 requires that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration" (42 Pa. Cons. Stat. Ann. § 7540(a) (West 2010)), it applies only in Pennsylvania state court actions, not in a federal diversity action as here.

¶ 21    The relevant procedures in federal court are found in the Federal Rules of Civil Procedure (FRCP) and section 2201. Section 2201 does not contain a provision similar to section 7540(a) of the PA Code requiring all interested persons be made parties to the action, nor does Rule 19 of the FRCP (Fed. R. Civ. P. 19) necessarily require joinder of an underlying plaintiff in a coverage dispute between an underlying defendant and its insurer.

¶ 22    Plaintiffs allude in their reply brief to the "outcome-determination" test. See *Hanna v. Plumer*, 380 U.S. 460, 467-68 (1965); *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109 (1945). They argue that allowing Cumberland to "run" to federal court to "avoid" state court is in direct violation of the *Erie* doctrine. However, they do not explain why the outcome of this case would be different if the declaratory judgment had come from a state court. The district court applied Pennsylvania contract law (see *Maryland Casualty Co.*, 2011 WL 4402275, at *10), the same substantive law that a Pennsylvania state court would have

applied in deciding whether the insurance policies required Cumberland to defend or indemnify Express. Although Rule 19 and section 2201 did not require joinder, the "touchstone" of *Erie* is whether the federal rule "significantly affect[s] the result of a litigation," regardless of whether it is technically a rule of procedure or substance. (Internal quotation marks omitted.) *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393, 406 (2010). We cannot say, nor have plaintiffs argued, that the district court would have interpreted the contracts differently had it been required to join plaintiffs in the federal action. Simply, the choice of joinder rules did not affect Express's substantive rights in an outcome-determinative way.

¶ 23    Under the *Erie* doctrine, the district court was not required to follow the Pennsylvania law that would have required joining plaintiffs to the dispute, and the applicable federal law did not require joinder. Therefore, we find unavailing plaintiffs' argument that the declaratory judgment is void for failure to join plaintiffs.

¶ 24                    2. Whether the Law of the Case Prevented Application of Issue Preclusion

¶ 25    Plaintiffs argue that, even if the declaratory judgment is not void, the law-of-the-case doctrine established that the declaratory judgment did not apply against plaintiffs. Plaintiffs contend that Cumberland argued the issue of whether the declaratory judgment bound plaintiffs when it argued its motion to dismiss based on a lack of personal jurisdiction or alternatively to stay or dismiss because of the concurrently pending federal action. The circuit court denied the motion, reasoning that the federal action was not between the same parties and thus did not bar the concurrent Illinois proceeding. Plaintiffs contend, therefore, that the circuit court already settled the issue of whether they were bound by the outcome of the federal action, finding that they were not, and that the law-of-the-case doctrine barred the subsequent determination that plaintiffs were bound by the federal declaratory judgment.

¶ 26    The law-of-the-case doctrine generally bars relitigation of an issue previously decided in the same case. *Krautsack v. Anderson*, 223 Ill. 2d 541, 552 (2006); *People v. Patterson*, 2013 IL App (2d) 120359, ¶ 15. Moreover, when a question could have been raised on a prior appeal but was not, that question is deemed forfeited. *Kreutzer v. Illinois Commerce Comm'n*, 2012 IL App (2d) 110619, ¶ 37. Plaintiffs argue that Cumberland could have raised the issue of the declaratory judgment's preclusive effect when it appealed the circuit court's finding of personal jurisdiction over it (see *Pace Communications Services Corp.*, 408 Ill. App. 3d at 980), but that it did not and thus the issue is forfeited and barred.

¶ 27    We need not determine whether Cumberland forfeited the issue–or whether the issue could have been raised in Cumberland's appeal–because whether the declaratory judgment bound plaintiffs is a separate issue from the denial of the motion to dismiss the citation proceeding. See *American Service Insurance Co. v. China Ocean Shipping Co. (Americas), Inc.*, 2014 IL App (1st) 121895, ¶ 17 ("[A] ruling will not be binding in a subsequent stage of litigation when different issues are involved ***."). Cumberland moved to dismiss under section 2-619(a)(3) (735 ILCS 5/2-619(a)(3) (West 2010)), which allows dismissal where "there is another action pending *between the same parties* for the same cause." (Emphasis added.) The circuit court denied the motion because the federal action did not involve the same parties: the federal action was between Express and Cumberland, and the citation proceeding was between plaintiffs and Cumberland.

¶ 28    Cumberland argues that the circuit court recognized that, under Pennsylvania law,[2] the parties did not have to be identical for the declaratory judgment to have preclusive effect. However, the "same parties" requirement under section 2-619(a)(3) likewise does not require that the parties be identical, only that their interests be sufficiently similar. *May v. SmithKline Beecham Clinical Laboratories, Inc.*, 304 Ill. App. 3d 242, 247 (1999). Regardless, the circuit court faced two separate and distinct issues: (1) whether the citation proceeding should have been stayed or dismissed due to the concurrent federal action; and (2) whether the declaratory judgment precluded plaintiffs' litigation of the issue of coverage. By ignoring that these were separate and distinct issues, plaintiffs improperly conflate section 2-619(a)(3)'s requirement of the "same parties" with Pennsylvania law's requirement that the same parties or their privies be involved in both litigations for issue preclusion to apply (see *Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998)). The circuit court had to determine under Pennsylvania law whether the requirements of collateral estoppel were satisfied, regardless of its ruling on the motion to dismiss. See *Scheffel & Co. v. Fessler*, 356 Ill. App. 3d 308, 312-13 (2005) (law of the case not applicable when different issues involved; two different restrictions in restrictive covenant agreement were separate issues); *Lake Bluff Heating & Air Conditioning Supply, Inc. v. Harris Trust & Savings Bank*, 117 Ill. App. 3d 284, 290-91 (1983) (rulings on a party's obligation to convey title and on its obligation to repair were different issues, rendering law-of-the-case doctrine inapplicable). In other words, the court did not previously decide whether the outcome of the federal action bound plaintiffs on the issue of coverage. We therefore reject the argument that the law-of-the-case doctrine applies here.[3]

¶ 29                            3. Whether Issue Preclusion Applied

¶ 30    Plaintiffs argue that, even if the declaratory judgment is not void and the law-of-the-case doctrine does not apply, the issue of Cumberland's duty to indemnify Express was not barred by collateral estoppel. They argue that the declaratory judgment did not preclude relitigation of the issue because: (1) the district court did not have personal jurisdiction over plaintiffs; (2) the issue in the federal action was not identical to the issue here; (3) plaintiffs were not parties to the federal action or in privity with Express; and (4) Express had no incentive to litigate the federal action.

¶ 31    Before addressing these arguments, however, we must determine what law we are to apply. The foreign judgment here was not rendered by another state court–and thus this is not an issue of full faith and credit (*Semtek International Inc. v. Lockheed Martin Corp.*, 531

----

[2]As discussed in the next section, Pennsylvania law applies to the determination of whether collateral estoppel applied.

[3]Additionally, the application of the law-of-the-case doctrine requires a final judgment. *People v. Patterson*, 154 Ill. 2d 414, 469 (1992). A denial of a motion to dismiss, as occurred here, is an interlocutory order, which "may be modified or revised by a successor court at any time prior to final judgment." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 368 Ill. App. 3d 734, 742 (2006). Therefore, the law-of-the-case doctrine did not apply not only because the issues were not the same, but also because, even if the issues had been the same, the court's denial of the motion to dismiss was not final.

U.S. 497, 506-07 (2001))–but was instead rendered by a federal court sitting in diversity jurisdiction. Therefore, under *Semtek*, the declaratory judgment has the same preclusive effect judgment as would a judgment of a court of the state in which the federal court sat: that is, we apply Pennsylvania law. *Id.* at 508.

¶ 32                                                   a. Personal Jurisdiction

¶ 33        Plaintiffs argue that the district court did not have personal jurisdiction over them in the federal action. Due process requires that a party have minimum contacts with the forum state for a court to exercise personal jurisdiction over it (*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)), and here plaintiffs did not avail themselves of the privilege of conducting activities within the forum state, nor did Cumberland even attempt to obtain personal jurisdiction over them. Therefore, plaintiffs argue, Cumberland's use of the declaratory judgment against them in the citation proceeding violated due process.

¶ 34        Cumberland is correct that plaintiffs' argument is a red herring. Under Pennsylvania law, collateral estoppel may apply when "the party against whom the plea is asserted was a party *or in privity with a party* in the prior case." (Emphasis added.) *Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 50 (Pa. 2005). Pennsylvania law has well established that being in privity with a party to a judgment is sufficient to satisfy the identity-of-parties requirement of collateral estoppel. See, *e.g.*, *Vignola v. Vignola*, 2012 PA Super 36. Personal jurisdiction over nonparties in the prior action is unnecessary when privity is established. See *Adzigian v. Harron*, 297 F. Supp. 1317, 1324 (E.D. Pa. 1969) (when enforcing a foreign judgment, court must ask whether one of two things existed in the foreign judgment: (1) personal jurisdiction or (2) privity).

¶ 35        In short, plaintiffs are arguing about personal jurisdiction when they should be arguing about privity. Cumberland established issue preclusion in the circuit court under the theory that plaintiffs were in privity with Express in the federal action. Plaintiffs' personal jurisdiction argument is misplaced, irrelevant to our analysis, and we therefore disregard it.

¶ 36                                            b. Elements of Collateral Estoppel

¶ 37        Plaintiffs' three remaining arguments all attack whether the elements of collateral estoppel were satisfied in this case. As noted, we review *de novo* the application of collateral estoppel (*Lieberman*, 408 Ill. App. 3d at 1108), and we now examine whether the elements of collateral estoppel were present in this case.

¶ 38        Collateral estoppel (or issue preclusion)[4] applies under Pennsylvania law if:

> "(1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in

---

[4] Like Illinois, Pennsylvania uses the terms "issue preclusion" and "collateral estoppel" interchangeably. See *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 632 A.2d 1302, 1304 (Pa. 1993).

the prior proceeding was essential to the judgment." *R.W. v. Manzek*, 888 A.2d 740, 748 (Pa. 2005).

Plaintiffs first argue that the issues were not identical between the federal action and the citation proceeding. Plaintiffs' basis for this argument is that the circuit court relied on a Third Circuit holding that predicted Pennsylvania law, rather than relying on Pennsylvania precedent. They cite *Pekin Insurance Co. v. XData Solutions, Inc.*, 2011 IL App (1st) 102769, ¶¶ 22-23, to argue that, since there was no Pennsylvania precedent contrary to the relevant Illinois law, the circuit court did not need to predict Pennsylvania law but instead should have applied Illinois law.

¶ 39 This argument is another red herring. Plaintiffs are arguing about what law should be applied to the issue of coverage, but what we must ask is whether the issue was the same in the federal action and the citation proceeding, not what law should decide it. See *Rue*, 713 A.2d at 85. The issues in both the federal action and the citation proceeding were identical, that is, whether Cumberland had a duty to indemnify Express. What law applies to decide that issue is inapposite. In fact, plaintiffs' argument betrays its position: arguing which state's law applies to the same coverage issue assumes that the issue is identical. Accordingly, we reject plaintiffs' argument and find that the first element, identity of issues, was met.

¶ 40 As to whether there was a final judgment on the merits, plaintiffs argue only that the declaratory judgment is void, an argument we disposed of *supra*. Therefore, because the district court entered a final, declaratory judgment, the second element was met.

¶ 41 Plaintiffs take exception to the third element, arguing that they were neither parties nor privies to the federal action. They argue as follows. Privity requires "an identification of interest of one person with another as to represent the same legal right." (Internal quotation marks omitted.) *Catroppa v. Carlton*, 2010 PA Super 85, ¶ 9. For purposes of collateral estoppel, privity requires more than the mere fact that persons be "interested in the same question or in proving the same facts." (Internal quotation marks omitted.) *Bergdoll v. Commonwealth of Pennsylvania*, 858 A.2d 185, 197 n.4 (Pa. Commw. Ct. 2004). Under Pennsylvania law, a coverage action is not a private matter between the insurer and the insured; the injured third party has an interest in the action, and the insurer cannot cut off rights against the injured third party merely by obtaining a judgment against the insured. See *Vale*, 516 A.2d at 686-88 (underlying plaintiff had an interest in declaratory judgment action between underlying defendant and its insurer).[5] *Vale* supports the proposition that plaintiffs have rights concerning coverage, independent of Express. These independent rights could not be extinguished by the judgment secured by Cumberland against Express alone. Moreover, the settlement agreement between plaintiffs and Express did not include an assignment of rights but only guaranteed Express the benefit of legal representation by plaintiffs' counsel. In the context of collateral estoppel, Pennsylvania has rejected the notion that counsel is in privity with a represented party. See *Ammon v. McCloskey*, 655 A.2d 549, 554 (Pa. Super. Ct. 1995) (finding defendant lawyer was not in privity with his client from a prior action for purposes of collateral estoppel, where assignee of that client subsequently sued the lawyer for malpractice and sought to estop the lawyer from arguing whether the client waived a certain

---

[5]Plaintiffs cite many more cases, but those cases are from Illinois. Under *Semtek*, Pennsylvania law controls the application of collateral estoppel in this case, and we therefore look only to Pennsylvania law to interpret privity.

defense in the prior action). Accordingly, the fact that plaintiffs' counsel provided Express with legal representation is not enough to establish privity between plaintiffs and Express for purposes of collateral estoppel.

¶ 42　Cumberland responds as follows. Privity is established when "a substantive legal relationship exists *** that binds the nonparty" (*Nationwide Mutual Fire Insurance Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 312 (3d Cir. 2009)), and a contract can satisfy that relationship (*id.* at 311). Here, the circuit court correctly determined that the settlement agreement created a substantive legal relationship between plaintiffs and Express, which established privity for purposes of collateral estoppel. The settlement agreement limited plaintiffs to recovery from Express's insurers and stipulated that plaintiffs and Express would cooperate in obtaining payment of the judgment from Cumberland. Furthermore, the settlement agreement provided that "Plaintiffs and their counsel will undertake, at no cost to [Express], the defense of Express in the four coverage lawsuits," including actions to recover against Cumberland, and that Express would waive conflicts of interest with respect to plaintiffs' counsel's representation of it in those lawsuits. In fact, plaintiffs' counsel did provide representation to Express, appearing "Of Counsel" in the federal action and being listed as attorneys before the Third Circuit on Express's appeal. In effect, the settlement agreement provided that plaintiffs would be responsible for protecting their interest in recovery through defense of Express in coverage suits and prosecution for Express in recovery suits. This established privity between plaintiffs and Express for purposes of collateral estoppel.

¶ 43　Cumberland also argues that plaintiffs' status as Express's judgment creditors established privity between them. A judgment creditor stands in the shoes of the insured and is bound by a prior action involving the insured's rights under an insurance policy. See *American Surety Co. of New York v. Dockson*, 28 A.2d 316, 319 (Pa. 1942) (elucidating who is a party in privity for purposes of *res judicata* by stating that those in privity include "attaching creditors"); *T.A. v. Allen*, 2005 PA Super 49, ¶ 11 (an insured's judgment creditors were precluded from pursuing garnishment action against insurer following declaratory judgment establishing that the insurer had no duty to indemnify the insured).[6]

¶ 44　We agree with Cumberland. *Ammon* is not helpful in this case, because it presented a wholly different context: whether a lawyer was in privity with a former client for purposes of collateral estoppel in a legal malpractice action that was brought by the former client's assignee. Here, it is irrelevant whether plaintiffs' lawyers were in privity with anyone. Rather, we must determine whether plaintiffs themselves were in privity with Express in the federal action. The proper question is whether the settlement agreement established a substantive legal relationship between plaintiffs and Express sufficient to find privity under Pennsylvania law (see *Nationwide Mutual Fire Insurance Co.*, 571 F.3d at 311), and the fact that plaintiffs agreed to have their counsel represent Express, at no cost to Express, to defend coverage suits and prosecute recovery actions supported that the settlement agreement established such a legal relationship. Furthermore, *Vale*, as discussed *supra*, does not aid us.

---

[6]We note, however, that in *Allen* the judgment creditor was a party to the declaratory judgment action that established that the insurer did not owe a duty to indemnify the insured. *Allen*, 2005 PA Super 49, ¶ 2.

- 10 -

*Vale* interpreted section 7540 of the PA Code–which did not apply to the federal action–and was based on procedure, not on an interpretation of a litigant's substantive rights.

¶ 45     The circuit court properly found that the settlement agreement established privity between plaintiffs and Express. The agreement created a substantive legal relationship between them in substance if not form. The *quid pro quo* of the agreement was that Express agreed to a judgment entered against it, and plaintiffs agreed not to pursue recovery from Express and agreed to defend Express in coverage disputes and prosecute recovery actions, through their counsel. Plaintiffs stepped into Express's shoes by assuming responsibility for Express's rights and obligations. As stated in *Ammon*, privity in its broadest sense includes "such an identification of interest of one person with another as to represent the same legal right." (Internal quotation marks omitted.) *Ammon*, 655 A.2d at 554. The agreement perfectly aligned plaintiffs' interests with Express's. Regardless of Express's incentive to litigate–an issue we address *infra*–plaintiffs' and Express's *interests* were the same, that is, both plaintiffs' and Express's legal interest in the federal action was a finding that Cumberland owed a duty to indemnify Express. Accordingly, the third element of collateral estoppel is satisfied.[7]

¶ 46     Plaintiffs next argue that the fourth element was not met, in that they did not have a full and fair opportunity to litigate the issue of coverage in the federal action. They contend that Express had no economic incentive to litigate the issue in the federal action. See *Rue*, 713 A.2d at 86 (discussing the intersection of an incentive to litigate and collateral estoppel). They cite Express's pleadings in the federal action where Express explained that, under the terms of the settlement agreement, the interest in coverage from Cumberland shifted from it to plaintiffs. The pleadings further asserted that Express no longer had an interest in coverage and that, because plaintiffs were not parties to the federal action, any opinion the district court rendered would be purely advisory.

¶ 47     Plaintiffs' argument ignores the *quid pro quo* of the settlement agreement, elevating form over substance. Plaintiffs agreed that their counsel would defend Express, at no cost to Express, in coverage disputes, and they undertook the recovery efforts against Cumberland at their sole expense. Plaintiffs' position would effectively give them two bites at the same apple: if Express, represented by plaintiffs' counsel in the federal action, were to lose (as it ultimately did), plaintiffs would get a second chance to litigate the issue of coverage in the citation proceeding. This is exactly the type of undesirable relitigation that collateral estoppel bars. See *Meridian Oil & Gas Enterprises, Inc. v. Penn Central Corp.*, 614 A.2d 246, 251 (Pa. Super. Ct. 1992). The settlement agreement effectively linked Express's incentive to litigate with that of plaintiffs, as evidenced by plaintiffs' agreement to assume the defense of Express in coverage disputes. Accordingly, we reject plaintiffs' argument and hold that the fourth element was met.

---

[7]Moreover, Pennsylvania case law supports that, as a matter of law and without need to reference an agreement between the persons involved, creditors are in privity with their debtors for purposes of *res judicata*. See *American Surety Co. of New York*, 28 A.2d at 319; *Munoz v. Sovereign Bank*, 323 F. App'x 184, 188 (3d Cir. 2009) (explaining that Pennsylvania law requires an identity of parties for application of *res judicata*, which includes those in privity with parties, and those in privity include attaching creditors). While *American Surety Co. of New York* and *Munoz* addressed claim preclusion, not issue preclusion, we note that issue preclusion is an even broader concept than claim preclusion. *Catroppa*, 2010 PA Super 85, ¶ 6.

¶ 48    Plaintiffs do not dispute the fifth element, that the coverage issue was essential to the declaratory judgment. The federal action was an action to determine whether Cumberland owed coverage to Express. Not only was the issue of coverage essential to the judgment but, in fact, it *was* the judgment–that Cumberland was not obliged to cover Express under the policies. Accordingly, we hold that the fifth element was met.

¶ 49    As all the elements were met, the circuit court properly applied collateral estoppel in the citation proceeding, with respect to its rulings on both plaintiffs' summary judgment motion and Cumberland's motion to dismiss. Furthermore, because collateral estoppel applied, we need not address plaintiffs' further arguments that Cumberland owed a duty to indemnify Express and that the settlement amount, for which Cumberland otherwise would have had to indemnify Express, was reasonable.

¶ 50                           C. Breach of Duty to Defend

¶ 51    Plaintiffs argue that Cumberland was estopped from raising any policy defense–including, they assume, collateral estoppel–in the citation proceeding, because it breached its duty to defend. Under *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 150-51 (1999), an insurer must "(1) defend the suit under a reservation of rights or (2) seek a declaratory judgment that there is no coverage," or it will be estopped from raising policy defenses to coverage if it is later found to have wrongfully denied coverage. Plaintiffs point to Cumberland's initial denial of coverage and subsequent letter confirming that it would defend Express under a reservation of rights. Plaintiffs claim that Cumberland did not honor its pledge to defend under a reservation of rights and failed to pay any defense costs. Plaintiffs acknowledge that Cumberland sought a declaratory judgment but highlight that it did not join plaintiffs in the federal action. Moreover, they claim that the federal action was not brought within a reasonable time. See *Central Mutual Insurance Co. v. Kammerling*, 212 Ill. App. 3d 744, 749-51 (1991) (affirming that insurer's delay in bringing declaratory judgment action after reservation of rights–7 years after the alleged breach by the insured took place, 10 months after it had notice of the loss, and months after it had notice of a possible settlement of the controversy–estopped insurer from raising policy defenses). Plaintiffs continue that estoppel "applies only where an insurer has breached its duty to defend. Thus, a court inquires whether the insurer had a duty to defend and whether it breached that duty." *Ehlco*, 186 Ill. 2d at 151. Plaintiffs do not argue but rather assume that Cumberland had a duty to defend.

¶ 52    Fatal to plaintiffs' argument is that the federal action established that Cumberland did not have a duty to defend Express. There can be no breach of a duty where there is no duty to begin with. Moreover, Cumberland initiated the federal action to declare its lack of a duty in June 2008, well before Express settled the class action in May 2009 (finalized in October 2009). These facts distinguish this case from *Kammerling* and align it with *State Automobile Mutual Insurance Co. v. Kingsport Development, LLC*, 364 Ill. App. 3d 946, 961 (2006) (finding *Kammerling* inapposite and a seven-month delay in seeking a declaratory judgment reasonable because the underlying action was still ongoing at the time of filing and because the insurer consistently denied having a duty to defend the insured). Therefore, Cumberland

initiated an action for a declaratory judgment in a reasonable time. Accordingly, Cumberland was not estopped from raising any policy defense.[8]

¶ 53                                    III. CONCLUSION

¶ 54        For the aforementioned reasons, we affirm the Lake County circuit court's judgment dismissing plaintiffs' section 2-1402 citation to discover assets.

¶ 55        Affirmed.

---

[8]Moreover, it is unclear that arguing the application of collateral estoppel is necessarily a policy defense as contemplated by *Ehlco*. Cumberland did not have to argue under the insurance policies to successfully present its defense, but, rather, had to establish only that the declaratory judgment met the elements of collateral estoppel.